04 DEC 13 PM 1:16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT
SOUTHERN DIVISION

KARA ALVEY,

Plaintiff,

vs.

KATHRYN A. HALL,

Defendant.

Case No: [redacted] 1:04CV0834

Robert Holmes Bell
Chief, U.S. District Judge

______________________________/

JONATHAN C. HIRSCH (P46952)
Attorney for Plaintiff
25505 W. 12 Mile Road, Ste. 1000
Southfield, MI 48034
(248) 353-5595

______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, KARA ALVEY, by and through her attorneys, MINDELL, MALIN & KUTINSKY, and for her cause of action against the Defendant states as follows:

COUNT I

**CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS UNDER MCLA SECTION 500.3135 (1)**

PARTIES AND JURISDICTION

1. That the Plaintiff, Kara Alvey, is and has been at all times pertinent hereto, a resident of the City of St. Albans, State of West Virginia.

2. That the Defendant, Kathryn A. Hall, is and has been at all times pertinent hereto, a resident of the City of Marion, County of Osceola, State of Michigan.

3. That the amount in controversy in this cause exceeds Seventy-five Thousand ($75,000.00) Dollars.

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

4. That this cause arose and jurisdiction exists in the Court by reason of a collision which occurred near the intersection of M-115 Highway and M-66 Highway in Reed City, County of Osceola, State of Michigan on or about July 27, 2002 involving all the parties to this lawsuit.

OWNERSHIP AND OPERATION OF VEHICLES

5. That on July 27, 2002, at the time and place indicated in paragraph 4 of this Complaint, the Plaintiff, was a passenger in a certain automobile bearing Michigan license plate number NAV 823 which was being driven by Robbin Alvey.

6. That on the above date, time and place, the Defendant, Kathryn A. Hall, was the owner and operator of a certain automobile bearing Michigan license plate number TMD 970.

ACCIDENT FACTS

7. That on July 27, 2002 at approximately 11:44 a.m., Plaintiff, Kara Alvey, was a passenger in a motor vehicle which was being driven by Robin Alvey in a northwesterly direction on M-115 Highway near the intersection of M-66 Highway , in Reed City, County of Osceola, State of Michigan immediately prior to the time this accident occurred.

8. That on the date and time indicated above, Defendant, Kathryn A. Hall, was operating her motor vehicle in a southerly direction on M-66 Highway immediately prior to the time this accident occurred.

9. That on the above date, time, and place, the Defendant, Kathryn A. Hall, was operating her vehicle in a negligent and inattentive manner, as a result struck the vehicle of that the Plaintiff was a passenger, in a forceful and violent manner, causing grievous injuries to the Plaintiff as is more particularly stated hereinafter.

NEGLIGENCE OF DEFENDANT

10. That the Defendant owed to the Plaintiff certain duties which the Defendant violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owing to the Plaintiff:

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

a. Violation of Section 9.2327 of the Michigan Statutes Annotated, as amended, which provides that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other conditions then existing, and that no person shall drive any vehicle upon a highway at a speed greater than will permit him to bringing it to a stop within the assured, clear distance ahead.

b. Violation of the duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly the vehicle of the Plaintiff.

c. Violation of the duty to operate a motor vehicle so that collision with other vehicles would not ensue, particularly the vehicle of the Plaintiff.

d. Violation of the duty to operate a motor vehicle in such a manner as to maintain the same under control, taking into account the grade of highway, general conditions then existing, and to maintain the said vehicle so that it could be safely halted.

e. Violation of the duty to keep said motor vehicle under control at all times.

f. Violation of Section 9.2405 of the Michigan Statutes Annotated, as amended, which provides that a person driving a vehicle on a highway shall equip his vehicle with brakes adequate to control the movement of, and to stop and hold the said vehicle.

g. Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, and failing to heed such conditions. Failing to accord traffic on the through street the right-of-way.

h. Failing to accord traffic on the through street the right-of-way.

i. Failing, before turning from a direct line, to see that such movement could be made in safety, in violation of MCLA 257.648.

j. Failing, before turning from a direct line, to give a signal of such intention to turn, in violation of MCLA 257.648.

k. Failing before starting, to see that the said movement could be made in safety, in violation of MCLA 257.648.

11. That the Plaintiff further states and alleges that at the time and place herein before set forth, the Defendant did then and there negligently, carelessly, and without due regard for the rights of the Plaintiff herein, fail and neglect to operate her motor vehicle driven by them, as required, and as specifically set forth in the preceding paragraph of this Complaint.

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

12. That the negligence and neglect of the Defendant consisted of violations of the duties and requirements set forth in paragraph 10 of this Complaint.

DAMAGES OF PLAINTIFF

13. That as a consequence of the collision herein set forth, the Plaintiff, Kara Alvey, was thrown in and about the interior of the automobile in which she was seated with great force and violence and sustained serious and grievous injuries.

14. That the Plaintiff sustained injuries to her neck, back, head, and to the muscles, cords, and ligaments in said areas, and to the legs and arms, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions whether known or unknown at the time.

15. That the injuries sustained by the Plaintiff constitute a serious impairment of body function, and serious and permanent disfigurement.

16. That as a result of the injuries sustained by the Plaintiff, she has suffered and will continue to suffer the following:

a. Pain and suffering, past, present and future.

b. Mental anguish.

c. Embarrassment and shock.

d. Loss of normal, social and recreational activities.

e. Permanent injury and incapacity of disability.

f. Loss of wage earning capacity and future wages.

g. Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff moves for judgment against the Defendants in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, as may be found to be fair, just and equitable, together with interest, costs and attorney fees.

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

## COUNT II

CLAIM FOR TORT LIABILITY ARISING UNDER
MCLA SECTION 500.3135 (3)(C) FOR
ALLOWABLE EXPENSES AND WORK LOSS IN
EXCESS OF THE DAILY, MONTHLY AND THREE YEAR
LIMITATION CONTAINED IN SECTIONS 3107 TO 3110

17. That Plaintiffs reallege paragraphs 1 through 16 of Count I of Plaintiff's Complaint.

18. That as a result of the injuries suffered in the automobile collision as alleged in this Complaint, Plaintiff, Kara Alvey, has suffered a work loss consisting of loss of income from work she would have performed during the first three years after the date of the accident if she had not been injured, in excess of the daily and monthly limitation contained in MCLA 500.3107 and will continue to suffer future loss of income from work she/he would have performed in excess of the three year limitation contained in the above referenced sections, and expenses for ordinary and necessary services.

19. That Plaintiff, Kara Alvey, has suffered damages for allowable expenses as contained and defined in MCLA 500.3107 (a) in excess of the daily, monthly and three year limitation contained in those sections.

WHEREFORE, Plaintiff moves for judgment against the Defendant in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, as may be found to be fair, just and equitable, together with interest, costs and attorney fees.

MINDELL, MALIN &KUTINSKY

BY:______________________________

JONATHAN C. HIRSCH (P46952)
Attorney for Plaintiff
25505 W. Twelve Mile, Ste. 1000
Southfield, MI 48034
(248) 353-5595

Date: 12/7/04

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595

**DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, KARA ALVEY, by and through her attorneys, MINDELL, MALIN & KUTINSKY and hereby demand a trial by jury of the within matters.

MINDELL, MALIN & KUTINSKY

BY:______________________________

JONATHAN C. HIRSCH (P46952)
Attorney for Plaintiff
25505 W. Twelve Mile, Ste. 1000
Southfield, MI 48034
(248) 353-5595

Dated: 12/7/04

MINDELL, MALIN & KUTINSKY
Attorneys & Counselors
25505 WEST TWELVE MILE RD., SUITE 1000
SOUTHFIELD, MI 48034-1811
(248) 353-5595